IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADMA BIOLOGICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-248-GBW |
| ) | |
| LEINCO TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

AND NOW, this 22nd day of April 2025, the Court having considered Defendant Leinco Technologies, Inc.'s ("Defendant" or "Leinco") Notice of Removal (D.I. 2), Plaintiff ADMA Biologics, Inc.'s ("ADMA" or "Plaintiff") Verified Complaint for Injunctive Relief and Damages (D.I. 3-1), the Court's Oral Order of March 13, 2025 (D.I. 23) requiring the parties to file supplemental briefing regarding Defendant's contention that "the amount in controversy exceeds $75,000 and this Court properly has diversity jurisdiction", the Letter from Counsel for Defendant responding to the Court's March 13, 2025 Oral Order (D.I. 28), the Court's Sealed Memorandum Order granting limited jurisdictional discovery (D.I. 31), and the parties' Joint Letter Regarding Amount-In-Controversy Pursuant to the Court's March 25, 2025 Order (D.I. 45), IT IS HEREBY ORDERED that THIS

ACTION IS REMANDED BACK TO THE DELAWARE COURT OF CHANCERY.

"District courts have power to decide diversity cases - suits between citizens of different States as to any matter valued at more than $75,000." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022) (*citing* 28 U.S.C. § 1332(a)). The party seeking to invoke diversity jurisdiction under 28 U.S.C. § 1332 "bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). The Court assesses the amount in controversy as of "the time the complaint was filed": "later events [cannot] increase the amount in controversy and give rise to jurisdiction that did not properly exist at the time of the complaint's filing." *Id.* at 395-96. "[T]he removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Base10 Genetics, Inc. v. AGEMO Holdings, Inc.*, 2023 WL 8716832, at *1 (D. Del. Dec. 18, 2023); *Carlyle Inv. Mgmt., LLC v. Carlyle Capitol Corp.*, 800 F. Supp. 2d 639, 644 (D. Del. 2011) ("Remand is appropriate whenever any doubt exists as to whether removal was proper."). In a case such as this one, where injunctive relief is sought, "the amount in controversy is measured by the value of the right sought to be protected by the equitable relief. In other words, it is the value to plaintiff to conduct his business or personal affairs free from the activity sought to be enjoined that is the yardstick for measuring the amount in controversy."

*In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 65 (3d. Cir. 1994). If the Court has to "guess at whether the jurisdictional threshold has been met," then "Defendant has not carried its burden" to demonstrate that the case is properly in federal court. *Lewis-Hatton v. Wal-Mart Stores East, LP*, 2014 WL 502367, at *4 (E.D. Pa. Feb. 7, 2014).

The instant action involves breach of contract claims brought by ADMA against Leinco related to Leinco's alleged misappropriation and misuse of methods and technologies owned by ADMA. *See* D.I. 3-1. ADMA filed this action in the Delaware Court of Chancery and, thereafter, Leinco removed this action to this Court purportedly based on diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal (D.I. 2). Upon review of Leinco's Notice of Removal (D.I. 2) and Plaintiff's Verified Complaint for Injunctive Relief and Damages (D.I. 3-1), it was not clear to this Court that the amount in controversy exceeded $75,000 in order to be sufficient for diversity jurisdiction. *See* Court's March 13, 2025 Oral Order (D.I. 23). Having granted Leinco the opportunity to conduct limited discovery regarding the amount in controversy and having now read and considered the parties subsequent filings, including but not limited to the parties' Joint Letter Regarding Amount-In-Controversy Pursuant to the Court's March 25, 2025 Order (D.I. 45), Leinco has not met its burden to establish that the amount in controversy exceeds $75,000 to be sufficient for diversity jurisdiction. In short, while ADMA does seek

damages in the form of Leinco's profits from its improper use of ADMA's confidential information, Leinco has admitted that, to date, those profits amount to approximately $3,900 – well below the jurisdictional threshold. Also, the Court is not persuaded by Leinco's arguments on the alleged amount of attorneys' fees it has incurred and there is no guarantee that the Court would award Leinco its attorneys' fees. Such an amount is speculative at best. Given their remains doubt as to whether the jurisdictional threshold has been met, the appropriate action is to remand this action to Delaware Court of Chancery.

For the reasons stated above, the Clerk of Court is HEREBY ORDERED to (1) remand this Action to Delaware Chancery Court, and (2) to close the Action in this Court.

_____
The Honorable Gregory B. Williams
United States District Judge